Opinion issued March 6, 2003













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01163-CR




CURTIS ANTHONY PENNINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 882074




MEMORANDUM OPINION
          Curtis Anthony Pennington, appellant, was charged with aggravated assault,
a second degree felony


 punishable by imprisonment for no more than 20 years and
no less than two years and a fine of no more than $10,000.


 The jury found appellant
guilty, and the trial court assessed punishment at 16 years’ confinement. We affirm.
Facts This aggravated assault case arose from an argument. On July 6, 2001, Jessie
James Cooper, Jr., was walking home from the store, where he had purchased some
juice, when he met his fiancee’s daughter, Charlotte Phillips. Phillips asked Cooper
about the juice; and Cooper told Phillips he would give her $1 so that she could buy
some juice for herself. Appellant overheard the conversation and told Cooper that
Cooper should give Phillips $10; and Cooper told appellant that appellant should give
Phillips $10. Appellant gave Phillips $10 to buy fruit drinks; and Phillips gave the
money to Cooper so that he could take it home for her. Appellant began to talk about
Phillips’ mother in crude and vulgar language for no apparent reason and then asked
Phillips to return the $10. Phillips went to Cooper and asked him to return the money
to appellant.
          When Cooper went back to the apartment complex to return the $10 to
appellant, appellant was holding a towel in one hand. Appellant began to curse at
Cooper and then tried to stab Cooper with a knife hidden in the towel. Appellant
missed Cooper. Cooper was able to disarm appellant, break the knife, and throw the
remnants aside. Cooper turned to walk away, heard a gun click, and turned around
to see appellant pointing a gun at him. Appellant pulled the trigger a second time, but
again the gun clicked. Appellant pulled the trigger a third time, and this time he shot
Cooper in the left side of his stomach with a bullet.
          Cooper disarmed appellant again and put the gun against appellant’s head.
Steven Arceneaux, a bystander, told Cooper that “it wasn’t worth it,” and Cooper
gave the gun to him. Appellant fled from the scene and was arrested a week later.
Cooper spent a week in the hospital recovering from his injury.
Issues
          In three points of error, appellant argues that the evidence was legally and
factually insufficient to support his conviction, because (1) the evidence did not prove
that he was guilty of causing bodily injury to “JESSE COOPER,” as named in the
indictment, and (2) there was a material variance between the indictment and proof
at trial as to the identity of the person who sustained the bodily injury. We do not
consider appellant’s first two points of error as true factual or legal sufficiency
arguments; rather they are alternate ways of asserting appellant’s third point of error,
that there was a variance between the indictment and the proof at trial. Therefore, we
consider appellant’s three points of error together.
Discussion
          Appellant contends that there is a material variance between the indictment and
the proof at trial. Specifically, appellant argues that the evidence was legally and
factually insufficient to support his conviction because the State failed to prove at
trial that the person who sustained the bodily injuries was the person named in the
indictment. Appellant’s indictment alleged appellant “intentionally and knowingly
cause[d] bodily injury to JESSE COOPER by using a deadly weapon, namely, A
FIREARM.” Cooper’s name is Jessie James Cooper, Jr.
          A “variance” occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001). In a variance situation, the State has proved the defendant
guilty of a crime, but has proved the commission of the crime in a manner that varies
from the allegations in the charging instrument. Id.
          The widely-accepted rule, regardless of whether a variance is viewed as a
sufficiency of the evidence problem or as a notice-related problem, is that a variance
that is not prejudicial to a defendant’s “substantial rights” is immaterial. Id. at 247-48. In determining whether a defendant’s substantial rights have been prejudiced in
this context, two questions are asked: (1) whether the indictment, as written, informed
the defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and (2) whether prosecution under the indictment would
subject the defendant to the risk of being prosecuted later for the same crime. Id. at
248. 
          The Court of Criminal Appeals has held that the prosecution’s failure to prove
the victim’s name exactly as alleged in the indictment does not make the evidence
insufficient. Fuller v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (emphasis
added). Furthermore, the victim’s name is not a statutory element of the offense.


 Id.
The variance between the indictment and the proof at trial is immaterial. There is no
evidence set forth in appellant’s brief or pointed to in the record that shows that
appellant did not know that he was accused of injuring Cooper, or that the proof
presented at trial was surprising to appellant. See Fuller, 73 S.W.3d at 254; Gollihar,
46 S.W.3d at 257. 
          This case is controlled by Fuller and Gollihar. Therefore, we hold that the
evidence was not insufficient to convict appellant and that the variance between the
indictment and the proof at trial was immaterial.
          We overrule appellant’s first, second, and third points of error.
 
 
Conclusion
We affirm the judgment of the trial court.
          

                                                   Evelyn V. Keyes
                                                   Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.4.